STATE v. MARKS GROSOFSKI.[1]

May 22, 1903.

Nos. 13,430—(25).

### Keeping Disorderly House—Penalty.

The defendant was convicted of the crime of keeping a disorderly house, as defined by Laws 1899, c. 158, and sentenced to the workhouse. *Held*, that Laws 1897, c. 108, does not fix the punishment for such offense, and, further, that the sentence was authorized by G. S. 1894, § 6297.

Appeal by defendant from a judgment of the district court for Ramsey county, Kelly, J., whereby he was convicted of the offense set forth in the opinion and sentenced to imprisonment in the workhouse of the city of St. Paul for a period of three months. Affirmed.

*S. P. Crosby*, for appellant.

*T. R. Kane*, County Attorney, and *O. H. O'Neill*, Assistant County Attorney, for the State.

START, C. J.

The indictment in this case charges that the defendant at the city of St. Paul on July 1, 1902, and continuously thereafter to the finding thereof, did unlawfully keep and maintain a certain common, ill-governed, and disorderly house, open to the public night and day, and therein did unlawfully cause and procure evil-disposed persons, both men and women, to come together, and did

[1] Reported in 94 N. W. 1077.

unlawfully permit and suffer such persons therein to be and remain drinking, tipling, cursing, swearing, quarreling, and otherwise misbehaving themselves, whereby the peace, comfort, and decency of the neighborhood were habitually disturbed. He was found guilty of the offense charged, and sentenced to imprisonment in the city workhouse for three months, and appealed from the judgment.

The sole error assigned is that the court had no power to sentence the defendant to imprisonment in the workhouse or elsewhere. His claim is that the punishment for the offense charged in the indictment is a fine of not less than $5 nor more than $50, as limited by Laws 1897, p. 194 (c. 108), which provides that

"Any person who is riotous, disorderly or obscene or who keeps a place resorted to for immoral or disorderly purposes or who keeps a disorderly house, shall be guilty of a misdemeanor,"

and upon conviction thereof shall be punished by a fine not less than $5 nor more than $50.

It is, however, provided by Laws 1899, p. 163 (c. 158), as follows:

"That section six thousand five hundred and seventy five (6575) of the General Statutes of 1894 be and the same is hereby amended so as to read as follows:

Sec. 6575. A person who keeps a house of ill-fame or assignation of any description, or a house, *tent, vehicle, resort or place of any kind, character or description* for persons to visit for unlawful sexual intercourse, or for any other lewd, obscene or indecent purpose shall be guilty of a felony. Any person who keeps a disorderly house, or any place of public resort by which the peace, comfort or decency of a neighborhood is habitually disturbed, or who as agent or owner lets a building, or any portion of a building, knowing that it is intended to be used for any purpose specified in this section, or who permits a building or a portion of a building to be so used, is guilty of a misdemeanor."

The only change made in G. S. 1894, § 6575, by this amendment, was to insert therein the words we have italicized. A misdemeanor, where no other punishment is prescribed by any statutory provision in force at the time of the conviction and sentence, is punishable by imprisonment in the county jail for not

more than three months, or by a fine of not more than $100. G. S. 1894, § 6297. A comparison of the allegations of the indictment, which charges the keeping of a disorderly house, by which the peace, comfort, and decency of the neighborhood are habitually disturbed, with the provisions of Laws 1899, p. 163 (c. 158), clearly shows that the indictment is predicated upon the chapter last mentioned, and not upon Laws 1897, p. 194 (c. 108). We so hold.

It follows that the offense of which the defendant was convicted is punishable either by imprisonment in the county jail (city workhouse in this case) not exceeding three months or by a fine not exceeding $100 (G. S. 1894, § 6297), unless there is in force some other statutory provision providing specifically for the punishment of the offense. The defendant claims that chapter 108 is such other statutory provision. This statute does not purport to amend or repeal section 6575, or provide for the punishment of persons convicted of any misdemeanors other than those specifically named in chapter 108. Nor does it provide for the punishment of the owner of a building who lets or permits it to be used for the purposes specified in section 6575. Therefore, if the contention of the defendant be correct, the keeper of a disorderly house or place of public resort, by which the peace, comfort, and decency of the neighborhood are habitually disturbed, can only be punished by a fine not exceeding $50, while the owner of the building, who lets or permits it to be used for such purpose, may be punished by imprisonment in the county jail for three months—a result clearly not intended by the legislature. Chapter 108 simply declares the punishment for keeping a disorderly house, without defining the term; hence the common law determines the offense.

The term "disorderly house," as defined by the common law, is one of very wide meaning, and includes any house or place, the inmates of which behaved so badly as to make it a nuisance, such as bawdyhouses, houses of ill-fame, gambling houses, dancing houses, or other like places. It follows, then, that, if chapter 108 fixes the punishment for keeping disorderly houses of all kinds, the keeping of a house of ill-fame or an assignation house, as defined by section 6575, is only punishable by a fine not exceeding

$50. It is obvious that some other construction must be given to chapter 108, and we hold that it provides for the punishment of persons keeping disorderly houses which are not defined and punished by our Penal Code, and has no application to the punishment for the offenses defined in section 6575. Even if it were otherwise, chapter 108, so far as it affected section 6575, if it did so, was repealed when the section was amended and re-enacted by Laws 1899, c. 158. It follows that the defendant was properly sentenced to the workhouse in accordance with the provisions of section 6297.

Judgment affirmed.

LEWIS, J.

I concur in the result upon the ground that the penalty as provided by Laws 1897, c. 108, was repealed by Laws 1899, c. 158.